### SQUIRE et al. v. McKENZIE.

(Supreme Court, General Term, Second Department. May 14, 1894.)

Action by Henry N. Squire and another against Alexander C. McKenzie.

John T. Barnard, for appellants.
Ira Leo Bamberger, for respondent.

DYKMAN, J. An order of reference was made to determine the amount due to Herman G. Loew for professional services performed in the collection of the judgment in this action, which was assigned to Anna M. Costello, for whom it was claimed the services were rendered. The referee took testimony under the order, and found and decided that Loew was entitled to the sum of $200, for which he had a lien upon the money in the hands of the receiver in this action. The report has been confirmed, and a man named James K. Spratt has appealed from the order of confirmation. The only connection of Spratt with the proceeding is this: Loew entered into a written agreement with Spratt, by which he undertook to collect claims upon information given by Spratt, and take business suggested by him for a certain percentage, and Spratt employed him for Costello to collect this judgment. The claim of Spratt and Costello, therefore, is that Loew performed the services in question under that agreement, and is entitled only to $18.75. The referee found that the services of Loew in the collection of this judgment were not performed under the agreement with Spratt, and we cannot say his conclusion is unsupported by evidence. Our conclusion, therefore, is that the order should be affirmed, with $10 costs and disbursements.

---

### TEN EYCK v. TOWN OF WARWICK et al.

(Supreme Court, General Term, Second Department. May 14, 1894.)

Action by Coe H. Ten Eyck against the town of Warwick and others.

James Parker, for appellant.
Bacon & Merritt and George W. McElroy, for respondents.

PRATT, J. This court has in effect decided the principles involved in the merits of this case at the last general term. In another branch of the same action I recommended that this appeal be affirmed, without an opinion. This course is taken in accordance with a request of the appellant, and upon his statement, in order to facilitate an early decision by the court of appeals. I assume from his letter that no point is to be made upon the rather indefinite expression in the complaint that the channel over which the bridge is built is navigable water, and for the further reason that it appeared beyond dispute in the other case, to which I have referred, that originally it was not navigable, but was made so for small boats by an artificial dam, which raised the water in the lake several feet. Affirmed as above stated.